State v. Irvine.

No. 26,852.

THE STATE OF KANSAS, *Appellee,* v. FRED IRVINE, *Appellant.*

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Unlawful Possession and Sale—Sufficiency of Evidence.* In. an appeal from a conviction of defendant on charges that he had unlawful possession of intoxicating liquors and had made unlawful sales of such liquors, it is held his contention that the evidence does not support the findings and verdict of the jury is without merit.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed October 9, 1926. Affirmed.

*Edward T. Riling* and *John J. Riling,* both of Lawrence, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Lloyd Morris,* county attorney, and *Oscar Raines,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Fred Irvine was prosecuted for violations of the prohibitory liquor law under an information which contained four counts, in which he was charged with two separate sales of intoxicating liquor, and also with unlawfully having liquor in his possession on two occasions. At the trial the jury found him guilty on all the counts included in the information. On this appeal his complaint is that the evidence is insufficient to sustain the verdict of the jury. On one transaction there was testimony by a witness, Blevins, that he went to defendant's farm to buy whisky, and upon his application defendant told him that he had some that belonged to another fellow. He then got into the automobile with Blevins and another named Sharkey, and directed them to drive. to a place about half a mile distant near a ravine, which was done. At defendant's suggestion Blevins went with him about one hundred yards, and there defendant pulled from under the bank of the ravine a sack which contained a two-gallon jug about two-thirds full of whisky. Defendant told Blevins that he would sell him the liquor in the jug for $12 and Blevins paid him that amount for it. Sharkey was with Blevins and stayed in the car when the defendant procured the liquor and he gave corroborative testimony as to the transaction. He further testified that they drank some of the liquor and that it was rye whisky.

Intoxicating Liquors, 33 C. J. pp. 761 n. 53, 764 n. 1.

When Blevins was asked as to what was contained in the jug he stated that they took several drinks of the liquor, and when asked what it was, said, "Whisky, I guess." It is argued that the quality of the liquor cannot be established by a guess, but apart from Blevins' statement that he thought it was whisky, Sharkey, who drank some of it, said it was whisky. The testimony as to this transaction is certainly sufficient to show that the stuff which defendant had in his possession and sold to Blevins was intoxicating liquor.

At a later time one John Mitchell applied to defendant for liquor and was told by defendant that he did not have it, but that he could get it within thirty minutes. He then got in a Ford car and drove away and in about one-half hour returned with five bottles, in a sack, which he sold to Mitchell for $10. Mitchell drank of it and said he thought it was whisky, and that it was an intoxicating liquor. Mitchell was arrested later in the day with some of the liquor in his possession and the officer who smelled and tasted it declared that it was intoxicating. It may be said that the defendant contradicted the testimony of the witnesses for the state, but a reading of the record leaves no doubt that the finding of the jury to the effect that defendant had intoxicating liquor in his possession and made sales of it on these occasions substantially as charged in the information, is abundantly sustained by the evidence. Further comment on the error assigned is not warranted.

The judgment is affirmed.